BIRD, PLAINTIFF AND APPELLEE, v. PORTO RICO RAILWAY, LIGHT
& POWER COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in
an Action for Damages.

No. 2923.—Decided May 22, 1924.

DAMAGES—NEGLIGENCE—LAST CLEAR CHANCE—PROXIMATE CAUSE.—Concluding
that the motorman saw the injured child between the fence and the track, a
dangerous place for children because the space between them was only 2½
feet, and that, therefore, he had the last clear chance to avoid the accident
by ringing the bell before the car reached the place in order to warn the
child of danger or by stopping the car, either of which would have avoided
the accident inasmuch as the car was running slowly, it follows that his
conduct was the proximate cause of the accident.

The facts are stated in the opinion.
Mr. J. H. Brown for the appellant.
Mr. H. R. Francis for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was adjudged to pay a sum of money 'as
damages to the plaintiff, who is a minor represented in this
suit by his father, for the loss of four toes of the right foot
as the result of an accident with an electric car of the de-
fendant.

The appellant has an electric railway track on the south
side of the road running from San Juan to Río Piedras
and in the afternoon of the day on which the accident oc-
curred the plaintiff went with his mother to a house near
Stop 17 of the railway line, she going to visit a friend.
The house is on the south side of the railway track of the
defendant and at that time there was between it and the
track a fence two feet and a half from the track, the bal-
cony of the house being at a distance of three meters and
a half from the said fence. At that place there is now a
wide sidewalk.

The boy left the house a few minutes after he and his
mother had arrived and shortly thereafter the wheels of an
electric car that was approaching slowly and noiselessly
for the purpose of stopping at Stop 17 ran over the right

foot of the boy, who also received a blow on the back of his head. The boy was not struck by the front part of the car, but by the side of it. About these facts there is no controversy between the parties, but there is as to the manner in which the accident occurred, for the witnesses for the plaintiff testified that when the electric car was slowing down at Stop 17 the boy was in the space between the track and the fence, leaning on the fence and looking towards the house with his back to the track, while the witnesses for the defendant testified that when the electric car was approaching that place the boy came running down the walk leading from the house to the street and struck against the car. The trial court credited the witnesses for the plaintiff for the reason, among others, that the theory of the defendant was not credible, notwithstanding the fact that one of defendant's witnesses, Ramos Casellas, was worthy of respect and credit, because he would not say positively that the boy whom he saw running down the walk toward the car was the boy who was injured, for the boy would have received the blow on the forehead and not on the back of his head and had to mount a step from 14 to 15 inches high in order to pass from the walk to the track, its height being sufficient to stop the boy and compel him to notice the motion of the car.

In its first ground of appeal and on the ground that the court erred in holding that the defendant was guilty of negligence, the appellant attacks the weighing of the evidence by the trial court, contending that in order to enter the house from the track it was not necessary to descend a step of from 14 to 15 inches high, but on the contrary to ascend it, and that there being no other boy around who could have been seen running, the reason given by the court for not believing José Ramos Casellas was not very persuasive.

We do not find that the evidence is as clear as is alleged by the appellant on the point of whether in order to

go from the track to the walk leading to the house it was necessary to ascend a step and not descend it, and the testimony referred to, although vague, inclines us to the conclusion of the trial court that the step had to be descended, and that, therefore, it was necessary to ascend it in order to go from the house to the track. As to the other point with reference to Ramos Casellas, we agree with the appellant that the fact that this witness could not say whether the boy whom he saw running was the plaintiff is not a very good reason why he should not be believed, but this of itself alone can not destroy the conclusion reached by the court, especially as the court gave as another reason that the boy would have received the blow on his forehead and not on the back of his head when he struck the electric car.

In the second and fourth grounds of appeal it is alleged that the trial court erred in finding that the plaintiff was not a trespasser at the place where he was, according to his own evidence, and in not finding, that if the parents were negligent, their negligence would not be imputable to the minor who sued for his own benefit; but it is not necessary to consider these questions, for even admitting that there was negligence on the part of the minor and of his parents, it could not be taken into account in this case, inasmuch as, notwithstanding that, the motorman had the last chance to avoid the accident and did not do so, a question which is discussed in the third ground of appeal.

The motorman testified that when his car was aproaching the place he saw the boy, although he said that he saw him running from the walk of the house towards the track, but as the court did not believe the evidence for the defendant on that point and found that the boy was leaning against the fence with his back to the track within the narrow space between them, we may conclude that the motorman saw him there, a dangerous place for children because of the short distance between the track and the fence, and

therefore, had the last clear chance of avoiding the acci-dent by ringing the bell before the car reached the place in order to warn the boy to leave the place, or by stopping the car, things which he did not do and either of which would have avoided the accident, inasmuch as the car was running slowly; hence his conduct was the proximate cause of the accident.

In the last ground of appeal it is alleged that the facts found by the trial court were not sufficient to justify a judg-ment for the amount allowed; but this question, being one of fact, was left by the appellant to be argued at the hear-ing on the appeal, and as the appellant did not appear at the hearing, we know nothing of its reasons for that con-tention and, therefore, shall not consider this assignment of error.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.